IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-00229-F-6
No. 5:13-CV-00166-F

| | | |
|---|---|---|
| KEVIN HALPIN, | ) | |
|       Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|       Respondent. | ) | |

This matter is before the court on the Government's Motions to Dismiss [DE-441, DE-486] Kevin Halpin's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-436]. Also before the court is Halpin's Motion in Opposition [DE-450], which the court has construed as a motion to amend. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motions to Dismiss are ALLOWED and Halpin's Motion in Opposition is DISMISSED as time-barred.

**Factual and Procedural Background**

On August 3, 2011, Halpin and ten co-defendants were named in a fourteen-count indictment. *See* Indictment [DE-1]. Halpin was subsequently named in one count of a superseding indictment. *See* Superseding Indictment [DE-175]. Count One of the Superseding Indictment charged Halpin with conspiracy to manufacture, distribute, and possess with intent to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. § 846.

Halpin's arraignment was held on November 7, 2011. At his arraignment, pursuant to a written plea agreement [DE-234], Halpin pled guilty to Count One of the Superseding

Indictment.

On March 2, 2012, Halpin was sentenced to 144 months' imprisonment. *See* Judgment [DE-359]. Halpin did not appeal his conviction or sentence.

Halpin filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-436] on March 6, 2013. In his § 2255 motion, Halpin alleges that his attorney provided ineffective assistance of counsel in the following respects: (1) his attorney failed to object to the quantity of pseudoephedrine attributed to him at sentencing; and (2) his attorney failed to object to the methamphetamine yield percentage stated in his Presentence Report. In his Motion in Opposition, Halpin has raised the following additional issues: his guilty plea was unknowing, involuntary, and unintelligent; his attorney provided ineffective assistance by failing to properly challenge the drug weight attributed to him, on the basis that his right to confrontation was violated; the restitution order is excessive; the restitution order violates Rule 32 of the Federal Rules of Criminal Procedure; and his attorney provided ineffective assistance by failing to object to the restitution order.

The Government has filed motions to dismiss [DE-441, DE-486] Halpin's § 2255 motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Halpin has failed to state a claim upon which relief can be granted. The Government also argues that Halpin's Motion in Opposition is time-barred and the claims contained therein have been waived and are procedurally defaulted.

**Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v.*

2

*City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of facts that can be proved, consistent with the allegations in the complaint. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### Discussion

### I. § 2255 Motion

#### A. Halpin Fails to Sufficiently Allege Ineffective Assistance of Counsel.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness" as

3

measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance prejudiced him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* With this standard in mind, the court will address both of Halpin's ineffective assistance of counsel claims.

### 1. Failed to object to quantity of pseudoephedrine

In his first claim, Halpin alleges that there were discrepancies in his Presentence Report and conflicting information regarding the quantity of pseudoephedrine attributable to him. [DE-436 at 4; DE-436-1 at 1-2.] Halpin contends that his attorney provided ineffective assistance by failing to challenge, question, or object to these discrepancies and conflicting information. [DE-436 at 4; DE-436-1 at 2.]

This claim fails under both prongs of the *Strickland* standard. Initially, it appears that Halpin's attorney made a tactical decision not to object to the quantity of pseudoephedrine attributed to him so as to secure a motion for downward departure from the Government. A review of the record reveals that the Government did file a motion for a downward departure due to substantial assistance [DE-311] pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. The Government's motion resulted in Halpin receiving a sentence well below the bottom of his advisory guideline range.[1] Moreover, even if Halpin had sufficiently alleged deficient

---

[1] Halpin's advisory guideline range was 188 to 235 months' imprisonment.

performance by his attorney, Halpin has failed to allege *any* prejudice. Accordingly, Halpin's first claim must fail.

### 2. Failed to object to the methamphetamine yield percentage

In his second claim, Halpin alleges that his attorney erred by failing to question or challenge the methamphetamine yield percentage stated in his Presentence Report. [DE-436 at 4; DE-436-1 at 3-4.]

A review of Halpin's Presentence Report reveals the following relevant findings: "In the one pot method . . . the maximum percentage of pseudoephedrine weight that can be converted to methamphetamine is 92%. This 92% conversion is equivalent to a 100% theoretical yield." PSR ¶ 6 n.2.

The court concludes that even if Halpin had sufficiently alleged deficient performance, Halpin has not sufficiently alleged prejudice because the methamphetamine yield percentage had no impact on the court's calculation of his advisory guideline range. Specifically, Halpin's base offense level was calculated based on the amount of pseudoephedrine attributed to him. *See* PSR ¶¶ 21, 61. Accordingly, this claim must fail under *Strickland*.

## II. Motion in Opposition

Also before the court is Halpin's Motion in Opposition [DE-450], which the court has construed as a motion to amend.[2] The amendment of a § 2255 motion is governed by Rule 15 of

---

[2]In his Motion in Opposition [DE-450], Halpin has raised the following additional issues: (1) his guilty plea was unknowing, involuntary, and unintelligent; (2) his attorney provided ineffective assistance by failing to properly challenge the drug weight attributed to him, on the basis that his right to confrontation was violated; (3) the restitution order is excessive; (4) the restitution order violates Rule 32 of the Federal Rules of Criminal Procedure; and (5) his attorney provided ineffective assistance by failing to object to the restitution order.

5

the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (noting that although the Rules Governing Section 2255 do not address the procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15). The Fourth Circuit has held that "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). "In either situation, leave should be freely granted, and should be denied only where 'good reason exists ... , such as prejudice to the defendants.'" *Id.* (quoting *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (internal quotation and citation omitted)). Leave to amend should also be denied when the amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The court finds that Halpin's Motion in Opposition was not filed within one year of any

6

of the circumstances set forth in § 2255(f). The May 28, 2013 Motion in Opposition was filed more than one year after the judgment became final; thus, the Motion in Opposition is not timely under § 2255(f)(1). In addition, there is no allegation that the government impeded Halpin's ability to file the Motion in Opposition. *See* 28 U.S.C. § 2255(f)(2). Moreover, Halpin's Motion in Opposition is not based upon a newly recognized right made retroactively applicable by the Supreme Court. *See* 28 U.S.C. § 2255(f)(3). Finally, no new facts supporting the claims have been discovered. *See* 28 U.S.C. 2255(f)(4). The court concludes that because the claims raised in the Motion in Opposition bear no relationship in law or fact to the claims asserted in Halpin's § 2255 motion, it is not possible that these new claims could relate back. Accordingly, Halpin's Motion in Opposition [DE-450] is DISMISSED as time-barred.

## Conclusion

For the foregoing reasons, the Government's Motions to Dismiss [DE-441, DE-486] are ALLOWED, and Halpin's § 2255 motion [DE-436] is DISMISSED. Halpin's Motion in Opposition [DE-450] is DISMISSED as time-barred. The court concludes that Halpin has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the  14 day of July, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge